**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICA ONLINE, INC.<br>Plaintiff, | ) | |
| vs. | ) | M. No. 05-0077S |
| DAVIS WOLFGANG HAWKE, et al<br>Defendants. | ) | |

**Motion for Ex Parte Order Commanding Judgment Debtor Jacob D. Brown to Appear for Examination As to Property Subject to Execution**

America Online, Inc., the Plaintiff in the above-entitled action hereby moves this Court for an ex parte order requiring Jacob D. Brown ("Brown") to appear before this Court forthwith for an examination regarding the property owned by Brown that is subject to execution. (**Appendix A,** attached hereto, is a proposed order for the Court's consideration). In support hereof, Plaintiff relies on the attached memorandum of law. Plaintiff requests that the hearing be scheduled on or subsequent to August 22, 2005, so that, in the interim, Plaintiff can have sufficient time to conduct discovery and investigation into Brown's whereabouts and assets.

America Online, Inc.
By its Attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Date: June 28, 2005

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICA ONLINE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>DAVIS WOLFGANG HAWKE, et al<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | M. No. 05-0077S |

**Memorandum In Support of Motion for an Order Commanding Judgment Debtor Jacob D. Brown to Appear for Examination As to Property Subject to Execution**

America Online, Inc., ("America Online") the Plaintiff in the above-entitled action in whose favor a judgment for twelve million eight hundred thirty-four thousand five hundred fifty-three dollars and eighty-two cents ($12,834,553.82) was rendered against the Defendants, jointly and severally, moves for an order requiring Defendant, Jacob D. Brown ("Brown") to appear before this Court for an examination regarding property owned by Brown that is subject to execution. The judgment against Brown was rendered in an action in the United States District Court for the Eastern District of Virginia. The Plaintiff has registered the judgment in this Court so as to enforce the judgment. See Affidavit of Counsel attached hereto as **Appendix A.**

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, by virtue of Rule 69(b)(2) of the Rhode Island Superior Court Rules of Civil Procedure, governing practice and procedure in supplementary proceedings in aid of execution of money judgments, Brown is subject to an examination before this Court regarding his assets. Pursuant to Rule 69(b)(2) of the Rhode Island

Superior Court Rules of Civil Procedure, an order for and notice of hearing for examination of Brown's assets may be included in the writ of execution and "shall become effective whenever said judgment debtor fails to satisfy the demand of the sheriff or constable serving the writ of execution." Pursuant to Fed. R. Civ. P. 69(a), America Online seeks to avail itself of this state court procedure in aid of execution. Plaintiff requests this Court to issue an Order for Brown to appear for an examination as to property subject to execution, notice of which Plaintiff will serve with the execution. In doing so, Brown's rights as a debtor will not be prejudiced thereby – Brown will be able to avoid the hearing by satisfying the execution.[1]

Although no showing of necessity is required pursuant to state practice, America Online submits that this procedure is, in fact, necessary in this case to protect America Online's assets. As set forth in the Affidavit of Counsel and in the affidavit of David MacLean, Plaintiff's private investigator, attached hereto as **Appendix B**, the Defendants in this case are evasive. When, on March 20, 2004, Brown was served with a summons and complaint pertaining to the underlying case filed by America Online in the Eastern District of Virginia, Brown attempted to vitiate this service by letting the documents fall to the ground. *See* Appendix B, at ¶ 3. Since March 2004, Brown has not maintained a permanent address, but stays at different locations temporarily. *Id.* at ¶ 5.

In order to protect its interests, America Online is conducting intermittent surveillance in an attempt to locate Brown. If served only with the execution, Brown may relocate before America Online can serve him with the order for examination. Moreover, even if America Online can

---

[1]In addition to serving the execution and order to appear, plaintiff will serve a subpoena for Brown to appear for a deposition. At the deposition, plaintiff will inquire regarding assets owned by Brown. This procedure will allow plaintiff to prepare for the examination as to property subject to execution and assist the court in rendering a decision regarding said property subject to execution.

successfully serve Brown a second time, if he does not attend the asset examination hearing, it will have to serve him yet again with a body attachment.[2] By serving Brown with the order for hearing simultaneously with the execution, Plaintiff reduces the number of times it will have to locate and serve Brown. Therefore, the requested Order can enhance America Online's ability to protect its interests without causing any prejudice to Brown.

**Conclusion**

For the foregoing reasons, the Plaintiff, America Online, Inc., respectfully requests this Court to grant an Order Commanding Brown's Appearance for Examination as to Property Subject to Execution, to be served upon Brown with the Execution. Plaintiff requests that the hearing be scheduled on or subsequent to August 22, 2005, so that, in the interim, Plaintiff can have sufficient time to conduct discovery and investigate Brown's whereabout and assets.

America Online, Inc.
By its Attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Date: June 28, 2005

[2] Body attachments are governed by Rhode Island Superior Court Rules of Civil Procedure 69(b)(5) and *R.I. Gen. Laws* § 9-17-7. As applied in federal court, they authorize and command the United States Marshall to take the subject debtor into custody in order to compel his attendance at an examination into his assets.