**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICA ONLINE, INC.<br>Plaintiff, | ) | |
| | ) | |
| vs. | ) | M. No. 05-0077S |
| | ) | |
| DAVIS WOLFGANG HAWKE, et al<br>Defendants. | ) | |

**Motion for Ex Parte Order Commanding Judgment Debtor Mauricio A. Ruiz to Appear for Examination As to Property Subject to Execution**

America Online, Inc., the Plaintiff in the above-entitled action hereby moves this Court for an ex parte order requiring Mauricio A. Ruiz ("Ruiz") to appear before this Court forthwith for an examination regarding the property owned by Ruiz that is subject to execution. (**Appendix A**, attached hereto, is a proposed order for the Court's consideration). In support hereof, Plaintiff relies on the attached memorandum of law. Plaintiff requests that the hearing be scheduled on or subsequent to August 22, 2005, so that, in the interim, Plaintiff can have sufficient time to conduct discovery and investigation of Ruiz's assets.

America Online, Inc.
By its Attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Date: June 29, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICA ONLINE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | M. No. 05-0077S |
| | ) | |
| | ) | |
| DAVIS WOLFGANG HAWKE, et al | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum In Support of Motion for Order Commanding Judgment Debtor Mauricio A. Ruiz to Appear for Examination As to Property Subject to Execution**

America Online, Inc., ("America Online") the Plaintiff in the above-entitled action in whose favor a judgment for twelve million eight hundred thirty-four thousand five hundred fifty-three dollars and eighty-two cents ($12,834,553.82) was rendered against the Defendants, jointly and severally, moves for an order requiring Defendant, Mauricio A. Ruiz, ("Ruiz") to appear before this Court for an examination regarding property owned by Ruiz that is subject to execution. The judgment against Ruiz was rendered in an action in the United States District Court for the Eastern District of Virginia. The Plaintiff has registered the judgment in this Court so as to enforce the judgment. See Affidavit of Counsel attached as **Appendix A**.

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, by virtue of Rule 69(b)(2) of the Rhode Island Superior Court Rules of Civil Procedure, governing practice and procedure in supplementary proceedings in aid of execution of money judgments, Ruiz is subject to an

examination before this Court regarding Ruiz's assets. Pursuant to Rule 69(b)(2) of the Rhode Island Superior Court Rules of Civil Procedure, an order for and notice of hearing for examination into debtor's assets may be included in the writ of execution and "shall become effective whenever said judgment debtor fails to satisfy the demand of the sheriff or constable serving the writ of execution." Pursuant to Fed. R. Civ. P. 69(a), America Online seeks to avail itself of this state court procedure in aid of execution. Plaintiff requests this Court to issue an Order for Ruiz to appear for an examination as to property subject to execution, notice of which Plaintiff will serve with the execution. In doing so, Ruiz's rights as a debtor will not be prejudiced thereby – Ruiz will be able to avoid the hearing by satisfying the execution.[1]

Although no showing of necessity is required pursuant to state practice, America Online submits that this procedure is, in fact, necessary in this case to protect America Online's assets. In order to protect its interests, America Online is conducting intermittent surveillance upon Ruiz. As set forth in the affidavit of David MacLean, Plaintiff's private investigator, attached hereto as **Appendix B**, Ruiz maintains a residence in Pawtucket, Rhode Island with his girlfriend, Liliana Rodriguez. A different address, however, is listed on his automobile license and registration. These facts evidence Ruiz's lack of a truly permanent residence. If served only with the execution, Ruiz may relocate before America Online can serve him with the order for examination. Moreover, even if America Online can successfully serve Ruiz a second time, if he does not attend the asset

[1] In addition to serving the execution and order to appear, plaintiff will serve a subpoena for Ruiz to appear for a deposition. At the deposition, plaintiff will inquire regarding assets owned by Ruiz. This procedure will allow plaintiff to prepare for the examination as to property subject to execution and assist the court in rendering a decision regarding said property subject to execution.

examination hearing, it will have to serve him yet again with a body attachment.[2] By serving Ruiz with the order for hearing simultaneously with the execution, Plaintiff reduces the number of occasions it will have to locate and serve Ruiz. Therefore, the requested order will enhance America Online's ability to protect its interests without causing any prejudice to Ruiz.

**Conclusion**

For the foregoing reasons, the Plaintiff, America Online, Inc., respectfully requests this Court to grant an Order Commanding Ruiz's Appearance for Examination as to Property Subject to Execution, to be served upon Ruiz with the Execution. Plaintiff requests that the hearing be scheduled on or subsequent to August 22, 2005, so that, in the interim, Plaintiff can have sufficient time to conduct discovery and investigation of Ruiz's assets.

America Online, Inc.
By its Attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Date: June 28, 2005

[2] Body attachments are governed by Rhode Island Superior Court Rules of Civil Procedure 69(b)(5) and *R.I. Gen. Laws* § 9-17-7. As applied in federal court, they authorize and command the United States Marshall to take the subject debtor into custody in order to compel his attendance at an examination into his assets.