**Issued by the**
**UNITED STATES DISTRICT COURT:**

**DISTRICT OF RHODE ISLAND**

America Online, Inc.
Plaintiff,

v.

Davis Hawke, et al.
Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number: 05-0077S (D. R.I)

**TO: Mail Boxes Etc.**

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the Taking of a deposition in the above case:**

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

**SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| **MAIL TO: Latham & Watkins LLP, c/o Abena Glasgow, 555 11th Street NW, SUITE 1000, Washington, DC 20004** | **July 8, 2005** |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | **June 24 2005** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Richard Ratcliffe
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
Direct Dial Telephone 401.490.4651
Fax 401.331.3440

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D PAGE 2)

**PROOF OF SERVICE**

| | DATE | PLACE |
|---|---|---|
| SERVED | 7-6-05 | 1800 MIN SPR AVE N-PROV |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MAIL BOX ETC | Hand Service $41.00 # 4127 |

SERVED BY (PRINT NAME)

JOSEPH KEATING
FEDERAL PROCESS
SERVER

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7-6-05

SIGNATURE OF SERVER

ADDRESS OF SERVER JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

RULE 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) required disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# DEFINITIONS FOR ATTACHMENT A
# MAIL BOXES ETC.

## Definitions

1. "Communication(s)" shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, facsimile transmission, microfilm, microfiche, and/or photographic film of any type.

2. "Document(s)" shall have the same meaning as it does in Federal Rule of Civil Procedure 34, and shall include all physical writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, including all data that is stored electronically or otherwise of any type through any means (including but not limited to floppy disks, compact discs, zip disks, jazz disks, laser discs, video or audio cassettes, magnetic tape, computer files, or electronic/magnetic memory storage devices of any type).

3. "Person" shall mean any natural person, corporation, partnership, sole proprietorship, association, joint venture, business entity, governmental body, trust, and/or estate.

4. "You" and "Your" refers to Mail Boxes Etc.

# ATTACHMENT A TO SUBPOENA FOR MAIL BOXES ETC.

## DOCUMENTS AND THINGS TO BE PRODUCED

1. All Documents that identify all mailbox holders or Persons making payment on the following mailboxes, from May, 2004 to the present (if there are multiple account holders, please identify the time period that service was provided to each account holder), including but not limited to individual and corporate names, mailing addresses, e-mail addresses, and telephone numbers:

   **a)** **545 Newport Ave.**
   **Pawtucket, RI 02861-3239**
   **Box # 282**

   **b)** **545 Newport Ave.**
   **Pawtucket, RI 02861-3239**
   **Box # 221**

   **c)** **545 Newport Ave.**
   **Pawtucket, RI 02861-3239**
   **Box # 198**

2. All Documents that identify all other mailboxes held, from May, 2004 to present, by **Davis Hawke (aka Dave Bridger, David Cross, John Milton or Andrew Greenbaum), Patricia Lingenfelter, Mauricio Ruiz (aka Moe Ruiz), Jason Tyler or Jacob Brown (aka Jake Brown)** or any business name under which they have conducted business, including but not limited to **Amazing Internet Products LLC, Quicksilver Enterprises, Basic Internet Marketing, The Phoenix Company, or Diversified Imports.**

3. All Documents that constitute or relate to all payments received for the mailboxes listed in Request No. 1, or identified in response to Request No. 2, from May, 2004 to present, including copies of the front and back of all checks.

4. All Documents that constitute Communications, from May, 2004 to present, between You and any Person identified in response to Request No. 1 or listed in Request No. 2.

5. A declaration from Your Custodian of Records establishing the authenticity of the produced documents and their nature as business records, sufficient to satisfy the requirements of FRE 803(6) and 902(11).