U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

PLAINTIFF: America Online Inc.
COURT CASE NUMBER: 05-00775

DEFENDANT: Davis Wolfgang Hawke, ET Al
TYPE OF PROCESS: WRIT

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN: MAURICIO A Ruiz

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*: 111 Freight St. Pawtucket, RI 02860

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

J.R. Ratcliffe
1600 Financial Plaza
Prov, RI 02903

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold Fold

Signature of Attorney or other Originator requesting service on behalf of: [signature]
☒ PLAINTIFF ☐ DEFENDANT
TELEPHONE NUMBER: 508-400-6737
DATE: 7/12/05

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 70 | No. 70 | [signature] | 7/12/05 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*: MAURICIO RUIZ

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*: 111 FREIGHT ST. APT 14 PAWTUCKET, R.I

Date of Service: 7/19/05 Time: 8:48 am (circled) pm

Signature of U.S. Marshal or Deputy: C. A Moore

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or Amount of Refund |
|---|---|---|---|---|---|
| 180.00 | 5.67 | | 185.67 | 150.00 | 35.67 |

REMARKS:
TOTAL (2) DEPUTIES, (2) HR, 14 MILES. (1) ENDEAVOR SERVED C. MOORE DID NOT HAVE ANY MONEY
Total - 1 Endevor, 2 DUSMs, 2 hours, 14 miles [initials] 7/19/05

PRIOR EDITIONS MAY BE USED

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

OC 11
Rev. 7/82

# WRIT OF EXECUTION

**United States District Court**

DISTRICT Court for the District of Rhode Island

TO THE MARSHAL OF: United States District Court for the District of Rhode Island

**YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:**

NAME Davis Wolfgang Hawke

you cause to be made and levied as well a certain debt of: $12,834,553.82 plus interest, costs and attorney's fees.

DOLLAR AMOUNT DOLLAR AMOUNT

Twelve Million, Eight Hundred, Thirty Four Thousand, Five Hundred, Fifty Three Dollars and 82/100 plus interest, costs and attorney's fees.

in the United States District Court for the First District of Rhode Island, before the Judge of the said Court by the consideration of the same Judge lately recovered against the said, Defendant, Davis Wolfgang Hawke, in the case of America Online, Inc. v. Davis Wolfgang Hawke, et al, MP No. 05-0077S

and also the costs that may accrue under this writ.

And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

| | |
|---|---|
| PLACE United States District Court | DISTRICT Rhode Island |
| CITY Providence | DATE 9/15/05 |

Witness the Honorable ______________________ (United States Judge)

| | |
|---|---|
| DATE 6/15/05 | CLERK OF COURT |
| | (BY) DEPUTY CLERK Francis P. McCabe |

## RETURN

| | |
|---|---|
| DATE RECEIVED 7-18-05 | DATE OF EXECUTION OF WRIT 7-19-05 |

This writ was received and executed.

| | |
|---|---|
| U.S. MARSHAL BURTON STALLWOOD | (BY) DEPUTY MARSHAL C. A Moore |

FILED
MAY - 2 2005
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

AMERICA ONLINE, INC.
Plaintiff

v.

DAVIS WOLFGANG HAWKE, et al.
Defendants

MISC 05 0077S

Civil Action No. 1:04cv259

## JUDGMENT

Pursuant to the order of this Court entered on May 2, 2005 and in accordance with Federal Rules of Civil Procedure 58, JUDGMENT is hereby entered in favor of the plaintiff America Online, Inc, against the defendants Davis Wolfgang Hawke, Jacob Brown and Mauricio Ruiz in the amount of $12,834,553.82 plus interest at the statutory rate.

ELIZABETH H. PARET, CLERK

By: ______________________
Deputy Clerk

A True Copy, Teste:
Clerk, U.S. District Court
By ______________________
Deputy Clerk

Alexandria, Virginia

62

FILED
JUN 10 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
MAY - 2 2005
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

AMERICA ONLINE, INC.,

Plaintiff,

v.

DAVIS WOLFGANG HAWKE, et al.,

Defendants.

Case No. 1:04cv259

MISC 05 0077S

## JUDGMENT ORDER

On February 7, 2005, the United States Magistrate Judge designated to conduct a hearing in this matter issued a Report and Recommendation entering finding of liability with respect to defendants Hawke, Brown, and Ruiz on Count I of plaintiff's amended complaint. The Report and Recommendation, however, did not enter a finding of liability on Counts II-IX of the amended complaint, noting that plaintiff had not set forth any statutory analysis, case law, or other argument to support a finding of liability on those Counts in its supporting memorandum as required by Local Civil Rule 7(F)(1). Plaintiff thereafter filed an objection to the Report and Recommendation. Plaintiff's objection is limited to the Magistrate Judge's failure to enter a finding of liability with respect to Counts II-IX, and sets forth argument for a finding of liability on those Counts.

Plaintiff's initial memorandum of law in support of its motion for a default judgment does not discuss the statutory provisions and common-law authority underlying the causes of action set forth in Counts II-IX. Additionally, the damages sought in that memorandum are based entirely on a finding of liability on Count I. The Magistrate Judge's decision not to

61

enter a finding of liability with respect to Counts II-IX was therefore correct. Thus, upon an independent *de novo* review of the record, it is hereby **ORDERED** that the Court adopts as its own the findings of fact and recommendation of the United States Magistrate Judge, as set forth in the February 7, 2005 Report and Recommendation.

Accordingly, it is hereby **ORDERED** that judgment is entered by default in favor of plaintiff and against defendants Hawke, Brown, and Ruiz in the total amount of $12,834,553.82, plus interest at the statutory rate.

It is further **ORDERED** that defendants Hawke, Brown, and Ruiz are **RESTRAINED** and **ENJOINED** from:

a. Sending or transmitting, or directing, aiding, or conspiring with others to send or transmit, electronic mail or electronic communication bearing any false, fraudulent, anonymous, inactive, deceptive, or invalid source, routing, or return information;

b. Using, or directing, aiding, or conspiring with others to use the computers or computer networks of America Online, Inc. ("AOL"), or the computers or computer networks of any of AOL's subsidiaries or affiliates, in any manner, directly or indirectly, in connection with the transmission or transfer of any form of electronic information across the Internet;

c. Opening, creating, obtaining access to, and/or using in any way, or directing, aiding, or conspiring with others to open, create, obtain access to, and/or use in any way, any AOL membership or account;

d. Acquiring, compiling, possessing, or transferring lists of AOL member e-mail addresses, e-mail addresses that contain an AOL domain, instant message screen name or any other electronic address of any kind owned, serviced or maintained by AOL, including without limitation lists or databases containing such names or addresses together with street addresses, telephone numbers or any other member data;

e. Sending or transmitting, or directing, aiding, facilitating or conspiring with others to send or transmit, any electronic mail or other communication to or through AOL or its members;

f. Creating, registering, or maintaining any Internet services by providing false or misleading information;

g. Participating in or operating any Internet website offering any "click-through" or referral-revenue sharing compensation program;

h. Possessing, using, disseminating, distributing, or transferring to any third party other than AOL, any AOL property, including electronic databases of member screen names, customer lists, or data tables; and

i. Refusing to return to AOL upon demand any AOL property in the defendants' possession, including electronic databases of member screen names, customer lists, or data tables.

The Clerk is directed to enter judgment pursuant to Rule 58, FED. R. CIV. P., to place this matter among the ended causes, and to send a certified copy of this Judgment Order to defendants and all counsel of record.

T. S. Ellis, III
United States District Judge

Alexandria, Virginia
May 2, 2005

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY ____________
DEPUTY CLERK

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

[redacted]

V.

[redacted]

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] [redacted]

TO: [redacted]
111 Freight Street, Ap[redacted]
Pawtucket, RI

[redacted] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| [redacted] | [redacted] |
| | DATE AND TIME |
| | [redacted] |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| [redacted] | [redacted] |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

[redacted]

| PLACE | DATE AND TIME |
|---|---|
| [redacted] | [redacted] |

[redacted] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| [redacted] | [redacted] |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | [redacted] |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
[redacted]

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | [redacted] | [redacted] |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| [redacted] | [redacted] |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| [redacted] | [redacted] |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### Definitions

1. "Communication(s)" shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, facsimile transmission, microfilm, microfiche, and/or photographic film of any type.

2. "Document(s)" shall have the same meaning as it does in Federal Rule of Civil Procedure 34, and shall include all physical writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, including all data that is stored electronically or otherwise of any type through any means (including but not limited to floppy disks, compact discs, zip disks, jazz disks, laser discs, video or audio cassettes, magnetic tape, computer files, or electronic/magnetic memory storage devices of any type).

3. "Including" shall be construed as broadly as possible and shall mean "without limitation."

4. "Person" shall mean any natural person, corporation, partnership, sole proprietorship, association, joint venture, business entity, governmental body, trust, and/or estate.

5. "Defendant/Debtor" shall mean Mauricio A. Ruiz.

6. "You" and "Your" refers to Mauricio A. Ruiz including any Person acting for or on his behalf, such as agents, attorneys, consultants, assistants, or affiliates.

7. "Account" shall mean all credit and debit cards, or other financial services of any kind.

8. "Assets" shall mean any and all tangible or intangible property of any kind, including, accounts, personalty, real property, gold, diamonds, gems of any sort, and other precious metals.

### Documents To Be Produced

1. Any and all federal and state tax filings and returns for Defendant/Debtor for the past seven (7) years.

2. All documentation in your possession, custody and control (including bookkeepers, accountants and/or lawyers) pertaining to:

   a. Assets currently owned by Defendant/Debtor including, without limitation, real estate; motor vehicles; boats; machinery; tools; inventory; accounts receivable.

b. Any and all documents relating to savings accounts, checking accounts or money market accounts in the name of Defendant/Debtor, or any aliases or pseudonyms thereof, including, but not limited to, checkbooks, check registers, bank books, monthly checking account statements, monthly savings account statements, annual checking account statements, annual savings account statements, annual money market account statements, certificates of deposit, etc., for the period from January 1, 2000 through the present.

c. Any and all documents relating to liabilities of Defendant/Debtor including, without limitation, mortgages, judgments, promissory notes, credit cards, charge accounts, etc., for the period January 1, 2000 through today's date.

d. Any and all contracts by and between Defendant/Debtor and any other party executed during the past seven (7) years or any part of which was, or was agreed to be, performed or completed within the past seven (7) years.

e. Any and all financial statements of Defendant/Debtor for the past seven (7) years.

3. Any and all documents evidencing the names and addresses of any and all third parties to which the Defendant/Debtor has transferred any asset/s, including currency, stocks, bond's accounts, or any real or personal property in the last seven (7) years including the date of transfer and the identity of the asset/s transferred transferred to each party.

4. Any and all documents evidencing any and all purchases made by the Defendant/Debtor within the past year including, but not limited to, receipts, invoices, cancelled checks, credit account statements, bank account records, and bills of laden.

5. Any and all documents evidencing any and all sales or other exchanges of property, without limitation, made by the Defendant/Debtor within the past year including, but not limited to, receipts, invoices, bank account records, and bills of laden.