UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICA ONLINE, INC. )
)
v. ) M. No. 05-0077S
)
DAVIS WOLFGANG HAWKE, )
ET AL )

**MOTION FOR ENTRY OF APPEARANCE**
**PRO HAC VICE**

Plaintiff, America Online, Inc., hereby moves that Jennifer Archie be admitted *PRO HAC VICE* in the above case as associate trial counsel with local associate counsel identified below, on the following grounds:

- That *pro hac vice* counsel already has expended great time and effort representing the Plaintiff America online, Inc. in this matter in proceedings in the Eastern District of Virginia;
- The case involves novel and complex issues of law involving misuse of internet technologies including the practice of abusing electronic mail otherwise known as SPAM. *Pro hac vice* counsel has developed special skill and expertise in this area through its representation of the Plaintiff;
- *Pro hac vice* counsel's long-standing representation of the client America Online, Inc.

In support hereof, Plaintiff submits the attached "Attorney's Certification for *Pro Hac Vice* Admission."

Plaintiff
Attorney for America Online, Inc.

By: [signature]

J. Richard Ratcliffe, #2603
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903
Tel: (401)331-3400
Fax: (401)331-3440

DATED: July 20, 2005

# ATTORNEY'S CERTIFICATION FOR PRO HAC VICE ADMISSION

I hereby certify as follows:

(1) I am a member in good standing of the bars of the State of Maryland and the District of Columbia. My eligibility to practice before those courts has not been restricted in any way.

(2) I have never been disciplined or sanctioned by any court or other body having disciplinary authority over attorneys and there are no disciplinary proceedings pending against me at this time.

(3) I have never been convicted of any crime other than minor traffic offenses.

(4) During the past 24 months I have not appeared or applied to be admitted in any cases in this district.

(5) I understand my obligation to notify this Court immediately of any changed circumstances that affect my answers to the preceding questions.

(6) I have read, acknowledge, and agree to observe and to be bound by the local rules and orders of this Court, including the Rules of Professional Conduct of the Rhode Island Supreme Court, as adopted by this Court as the standard of conduct for all attorneys appearing before it.

(7) For purposes of this case I have associated with local associate counsel identified below, and have read, acknowledge, and will observe the requirements of this Court respecting the participation of local associate counsel, as set out in Local Rule 5, recognizing that failure to do so may result in my being disqualified, either upon the Court's motion or motion of other parties in the case.

---

I certify that I have read and join in the foregoing motion, and acknowledge and agree to observe the requirements of Local Rule 5 in its entirety and as it relates to the participation and responsibilities of Local associate counsel.

Name: Jennifer C. Archie

Latham & Watkins, LLP
Firm Name

555 11th Street, N.W., Suie 1000
Washington, District of Columbia 20004
Business Address

202-637-2200 202-637-2201
Tel. # Fax #

Local Associate Counsel:
J. Richard Ratcliffe

# 2603
R.I. Bar ID

Ratcliffe Burke Harten & Elias, LLP
Firm Name

1600 Financial Plaza
Providence, RI 02903
Business Address

401-331-3400 401-331-3440
Tel. # Fax #

**ORDER:**

This motion is hereby ______________________________.

______________________________
U.S. District Judge

Date:______________________________

FILED

1 of 1 DOCUMENT

RHODE ISLAND COURT RULES ANNOTATED
Copyright (c) 2005 by Matthew Bender & Company Inc.
All rights reserved

*** CURRENT THROUGH AMENDMENTS RECEIVED JANUARY 11, 2005 ***

FEDERAL RULES
LOCAL RULES

*RI U.S. Dist. Ct. Rule 5* (2005)

Review Court Orders which may amend this Rule

5. Practice Before the Bar of This Court.

(a) Attorneys for the United States. An attorney who is in good standing as a member of the bar in every jurisdiction in which he has been admitted to practice and who is not subject to pending disciplinary proceedings as a member of the bar in any jurisdiction and who is a member of the bar of any United States District Court may appear and practice in this court as the attorney for the United States or for any agency of the United States or for an officer of the United States in his official capacity.

(b) Member of the Bar of This Court. Except as provided in subsection (c) hereof, no attorney may practice in this court who is not a member of the bar of this court; and every party in any action or proceeding in this court, except the government, governmental agencies, and parties appearing pro se, must be represented by at least one member of the bar of this court who shall state his name, office address, and telephone number on each pleading and court paper. All service shall be sufficient if served on such attorney.

(c) Admissions Pro Hac Vice. Attorneys who are not members of the bar of this Court but who are members in good standing of the bar of another state and the bar of another Federal District Court, for good cause shown upon written motion of a party, may, in the Court's discretion, be admitted pro hac vice to represent that party in a given case, in accordance with this rule. As used herein, good cause refers to circumstances affecting the personal or financial welfare of the client, such as the following: (a) complex field of law in which the attorney is a specialist; (b) the attorney's long-standing representation of the client; (c) lack of experience of the local trial bar in the field; (d) complex legal questions under the law of a foreign jurisdiction; (e) the need for extensive discovery proceedings in a foreign jurisdiction; or (f) in a criminal case, the attorney is defendant's counsel of choice.

(1) Motion for Admission. A party seeking the admission of an attorney pro hac vice must complete and submit to the Court a motion for entry of appearance pro hac vice on a form available from the clerk, to include (a) the name and number of the case in which the attorney wishes to be admitted and the grounds for the motion; (b) the attorney's full name, firm name, address, telephone number and fax number; (c) a certification that the attorney is a member in good standing of the bar of another state and of the bar of another Federal District Court; (d) the name and number of other cases in this district in which the attorney is currently admitted and the name and number of each other case in this district in which the attorney has applied to be admitted in the preceding 24 months; (e) a certification that the attorney agrees to observe and to be bound by the local rules and orders of this Court and Rhode Island Rules of Professional Conduct; (f) the name, firm name, address, Rhode Island state bar identification number, telephone number, and fax number of a local member of this Court's bar who is actively engaged in the practice of law in Rhode Island and maintains an office in Rhode Island for that practice, and who will serve as local associate counsel, with whom the Court may communicate regarding the case, upon whom all papers in the case shall be served, and who shall be responsible to the Court for the conduct of the case; and (g) a certification by both the attorney and local associate counsel that they will comply fully with this rule in its entirety and specifically as it relates to the participation of local associate counsel.

(2) Participation of Local Associate Counsel. Unless excused by this Court, local associate counsel shall (a) sign and be responsible to the Court for the content of all pleadings, motions, and other papers filed or served in the case; (b) certify in all non-dispositive motions that counsel for the parties, including local associate counsel have conferred in good faith to attempt to resolve disputes before filing such motions; (c) attend all Court proceedings in the case; and (d) be responsible to the Court for the conduct of the case. Whenever pro hac vice counsel is not present, local associate counsel shall have the responsibility and authority to act for and on behalf of the client in all proceedings in connection with the case, including hearings, pretrial conferences, and trial. In order to effectuate this rule, pro hac vice counsel shall fully and timely consult with, involve, and inform local associate counsel respecting all significant developments in the case.

(3) Disqualification of Pro Hac Vice Counsel. Counsel admitted pro hac vice may be disqualified upon motion of the Court or other parties in the case for failure to fulfill the requirements of this rule or when the proper administration of justice so requires.

(d) Rejection of Pleadings. All pleadings and court papers presented to the clerk for filing, except by attorneys representing governmental agencies or parties appearing pro se, shall be rejected unless signed by at least one attorney who is a member of the bar of this court, who is actively engaged in the practice of law within the State of Rhode Island, and who maintains an office within this state for that practice.

(e) Other Persons. Except in special circumstances and by leave of court, a person who is not a member of the bar will be allowed to appear and practice before this court only in his own behalf.

Whenever a party has appeared by an attorney, he may not thereafter appear or act in his own behalf in the case, or take any step therein, unless an order of substitution shall first have been made by the court, after notice to the attorney of such party, and to the opposite party; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he has appeared, or is represented by an attorney.

**NOTES:**

Compiler's Notes. -- A District Court order dated January 21, 1997, rewrote subdivision (c) of this rule.

NOTES TO DECISIONS

1. Pro hac vice.

Regarding the notice and hearing granted to counsel before revocation of counsel's pro hac vice status, the attorney must receive notice of the conduct placing his or her pro hac vice status at risk, the court must explain the standard used to decide whether to revoke the status, and the attorney is entitled to an opportunity to respond and written reasons for any revocation. *Obert v. Republic W. Ins. Co. 2002 U.S. Dist. LEXIS 5524* united states district court for the district of rhode island, *190 F. Supp. 2d 279 (D.R.I. 2002). Obert v. Republic W. Ins. Co. 2003 U.S. Dist. LEXIS 8956* united states district court for the district of rhode island, *264 F. Supp. 2d 106 (D.R.I. 2003).*