AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

America Online, Inc.

V.

[illegible], et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] [illegible]

TO: [illegible] Inc. c/o [illegible] Co.
[illegible] Street 232 Jefferson Blvd
[illegible]

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachments A and B

| | DATE AND TIME |
| --- | --- |
| [illegible] & Watkins LLP, [illegible], N.W. [illegible], Washington, D.C. [illegible], | [illegible] |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney for Plaintiff | 07/18/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

A. Richard Ratcliffe, Ratcliffe Burke Harten & Elias LLP, 1600 Financial Plaza, Providence, RI 02903 (401) 490-4851

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

$41.00 # 4316

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/19/05 | 222 Jefferson Blvd Warwick |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Cox Communications | A.FS. to Corporation Service Co. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Thomas Noury [illegible] North Providence, RI 02911 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/19/05
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911

## ATTACHMENT A TO SUBPOENA ISSUED TO COX COMMUNICATIONS, INC.

### Definitions

1. "Communication(s)" shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, facsimile transmission, microfilm, microfiche, and/or photographic film of any type.

2. "Document(s)" shall have the same meaning as it does in Federal Rule of Civil Procedure 34, and shall include all physical writings, drawings, graphs, charts, photographs, phono records, and all physical things that are capable of storing data electronically or otherwise of any type through any means (including but not limited to floppy disks, compact discs, zip disks, jazz disks, laser discs, video or audio cassettes, magnetic tape, computer files, or electronic/magnetic memory storage devices of any type), and other data compilations from which information can be obtained.

3. **"Identified IP Address(es)" shall mean the IP addresses at the provided times listed on Attachment B.**

4. "Operator" shall mean any Person owning, controlling, administratively accessing, or having any degree of authority to control any aspect of an Identified IP Address, or appearing in publicly available Whois registrations for any Identified IP Address, including, but not limited to, its content, accessibility (via membership or links), advertising, uploading of data, editing, Internet IP address registration, hosting service, the assignment of an IP address, the collection of any payment for services or products associated with or provided through the Identified IP Address, or the responsibility of paying for the Identified IP Address's connectivity to the Internet.

5. "Person" shall mean any natural person, corporation, partnership, sole proprietorship, association, joint venture, business entity, governmental body, trust, and/or estate.

6. "You" shall mean and include Cox Communications, Inc., and any of its divisions, parents, subsidiaries, affiliates, or any corporation or partnership with which it is affiliated.

7. "Payment Information" shall mean and include all Documents regarding any Operators' method of payment, identifying any bank, bank routing numbers; bank account numbers, wire transfer information, credit card numbers, debit account numbers, or copies of any checks, bills, or invoices associated with any Operator.

**ATTACHMENT A TO SUBPOENA ISSUED TO COX COMMUNICATIONS, INC.**

Documents To Be Produced In Connection With Subpoena Issued To Cox Communications, Inc.

1. All Documents necessary to identify all Operators of any Identified IP Address, including, but not limited to, account contact information, individual and corporate names, tax identification numbers, mailing addresses, e-mail addresses, points of physical connection, telephone numbers, account notations, and Payment Information, from January 1, 2004 to the present.

2. All Documents necessary to identify all other Internet domains or IP addresses known by You to be operated by any Operator identified in response to Request No. 1 from January 1, 2004 to the present.

3. Documents referring or relating to the manner in which any Operator accessed any Identified IP Address or any Internet domains or IP addresses identified in response to Request No. 2, including, but not limited to all applications, dial-in information, telephone numbers, ANI, ANR, POP, POP3, IMAP, SMTP, HTTP, or other Log Files and IP information relating to remote access or administration, from January 1, 2004 to the present.

4. All Documents that constitute Communications, from January 1, 2004 to the present, between You and any Operator identified in response to Request No. 1.

5. All Documents that constitute any agreement, contract, or terms of service that exist or did exist between You and any Operator identified in response to Request No. 1, from January 1, 2004 to the present.

6. All Documents referring or relating to any invoices to or payments from any Operator identified in response to Request Nos. 1, including the fronts and backs of all checks, from January 1, 2004 to the present.

7. To the extent not produced under a prior request, all Documents referring or relating to the access, maintenance, use, or abuse of any computer: (1) hosted on any Identified IP Address or any IP address identified in response to Request No. 2, or (2) hosting any Internet domain name identified in response to Request Nos. 2, from January 1, 2004 to the present.

8. To the extent not produced under a prior request, Documents constituting or relating to complaints associated with, or abuses committed by: (1) any Operator identified in response to Request No. 1; (2) any Identified IP Addresses; (3) any of the Internet Domains or IP addresses identified in response to Request Nos. 2, from January 1, 2004 to the present.

9. A declaration establishing the authenticity of the produced documents and their nature as business records, sufficient to satisfy the requirements of FRE 803(6) and 902(11).

**ATTACHMENT B TO SUBPOENA ISSUED TO COX COMMUNICATIONS, INC.**

| | |
|---|---|
| 68.227.190.165 | Jan. 26; 2004 02:43:59 CST |
| 68.227.190.165 | Jan. 26; 2004 02:43:59 CST |
| 68.227.190.165 | Jan. 26; 2004 02:43:59 CST |
| 68.227.190.165 | Jan. 26; 2004 02:45:39 CST |
| 68.227.190.165 | Jan. 26; 2004 02:45:39 CST |
| 68.227.190.165 | Jan. 26; 2004 02:49:35 CST |
| 68.227.190.165 | Jan. 26; 2004 02:49:35 CST |
| 68.227.190.165 | Jan. 31; 2004 22:07:02 CST |
| 68.227.190.165 | Jan. 31; 2004 22:08:22 CST |
| 68.227.190.165 | Jan. 31; 2004 22:08:36 CST |
| 68.227.190.165 | Feb. 9; 2004 23:17:14 CST |
| 68.227.190.165 | Feb. 9; 2004 23:17:30 CST |
| 68.227.190.165 | Feb. 9; 2004 23:17:53 CST |
| 68.227.190.165 | Feb. 9; 2004 23:17:53 CST |
| 68.14.151.135 | Mar. 6; 2004 11:08:14 CST |
| 68.14.151.135 | Mar. 6; 2004 11:11:57 CST |
| 68.14.151.135 | Mar. 6; 2004 11:16:21 CST |
| 68.14.151.135 | Mar. 6; 2004 11:16:21 CST |
| 68.14.151.135 | Mar. 7; 2004 11:46:46 CST |
| 68.14.151.135 | Mar. 7; 2004 12:14:13 CST |
| 68.14.151.135 | Mar. 7; 2004 12:29:13 CST |
| 68.14.151.135 | Mar. 7; 2004 21:42:11 CST |
| 68.14.151.135 | Mar. 8; 2004 10:39:13 CST |
| 67.74.213.158 | Mar. 9; 2004 18:55:03 CST |
| 68.14.151.135 | Mar. 15; 2004 23:35:51 CST |
| 68.14.151.135 | Mar. 15; 2004 23:35:58 CST |
| 68.14.151.135 | Mar. 15; 2004 23:36:36 CST |
| 68.9.155.125 | Jul. 16; 2004 22:24:49 CDT |

**Issued by the**
**UNITED STATES DISTRICT COURT:**

**DISTRICT OF RHODE ISLAND**

America Online, Inc. )
Plaintiff, )
)
v. )
Davis Hawke, et al. )
Defendants. )

**SUBPOENA IN A CIVIL CASE**

Case Number: 05-0077S (D. R.I)

**TO: Allied Home Mortgage Capital Corporation**
**c/o CT Corporation System**
**10 Weybosset Street**
**Providence, RI 02903**

_ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

_ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the Taking of a deposition in the above case:**

| PLACE | DATE AND TIME |
|---|---|

_ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

**SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| **MAIL TO: Ratcliffe Burke Harten & Elias LLP, 1600 Financial Plaza, Providence, RI 029303 Attn: J. Richard Ratcliffe, Esq.** | **July 29, 2005** |

_ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| J. Richard Ratcliffe Atty for Plaintiff | **July 19, 2005** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Richard Ratcliffe
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
Direct Dial Telephone 401.490.4651
Fax 401.331.3440

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D PAGE 2)

**PROOF OF SERVICE**

SERVED 7/21/05 DATE

PLACE 10 Weybosset St. Providence RI

SERVED ON (PRINT NAME)
Allied Home Mortgage Capital Corp

MANNER OF SERVICE
Hand Service
A.F.S.
CT Corporation System

SERVED BY (PRINT NAME)
Thomas Noury

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/21/05

SIGNATURE OF SERVER

ADDRESS OF SERVER
Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911

RULE 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) required disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A TO SUBPOENA FOR**
**ALLIED HOME MORTGAGE CAPITAL CORPORATION**

You are requested to produce the following documents, as they may concern Mauricio Ruiz, D.O.B. 05/01/80, currently either an employee or independent contractor of Allied Home Mortgage Capital Corporation, RI Corporation ID#102428:

1. All applications for employment or independent contractor relationship;

2. All notices of the suspension, termination, layoff or other discontinuation of the employment or independent contractor relationship;

3. All records of attendance;

4. All payroll, commissions or earnings records;

5. All performance evaluations;

6. All records of any disciplinary action taken or considered concerning the employee or independent contractor;

7. All records of any work related injury concerning this employee or independent contractor; and

8. All correspondence received from the employee or independent contractor, or from any person on his behalf, outlining the reasons for any claimed inability to work.