SCANNED

**Issued by the**
**UNITED STATES DISTRICT COURT:**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| America Online, Inc.<br>Plaintiff,<br><br>v.<br>Davis Hawke, et al.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number: 05-0077S (D. R.I) |

**TO: Verizon New England**
**c/o CT Corporation System**
**10 Weybosset Street**
**Providence, RI 02903**

_ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

_**YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the Taking of a deposition in the above case:**

| PLACE | DATE AND TIME |
|---|---|

_ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

**SEE ATTACHMENT A**

| PLACE **MAIL TO: Ratcliffe Burke Harten & Elias LLP, 1600 Financi[al] Plaza, Providence, RI 029303 Attn: J. Richard Ratcliffe, Esq.** | DATE AND TIME **September 12, 2005** |
|---|---|

_ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty for Plaintiff | **September 2, 2005** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

J. Richard Ratcliffe
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
Direct Dial Telephone 401.490.4651
Fax 401.331.3440

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D PAGE 2)

**PROOF OF SERVICE**

| | DATE | PLACE |
|---|---|---|
| SERVED | 9/2/05 | 10 Weybosset St. Provi |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Verizon New England | | Hand Service A.F.S. CT Corp. Systems |
| SERVED BY (PRINT NAME) | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 9/2/05

SIGNATURE OF SERVER

ADDRESS OF SERVER Thomas Noury
41 N. Elmore Ave
P.O. Box 114028
North Providence, RI 02911

RULE 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) required disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Documents to be Produced in Connection with Subpoena of Verizon New England, Inc.

1. All Documents that identify all Account holders or Persons making payment on each of the Accounts listed below, from January, 2004 to present (if there are multiple account holders, please identify the time period that service was provided to each account holder), including but not limited to individual and corporate names, mailing addresses, e-mail addresses, and telephone number:

**Phone Number (401) 724-4020**

2. All Documents that identify all Accounts held under the names **Jacob D. Brown, Davis Wolfgang Hawke (aka Dave Bridger, David Cross, John Milton or Andrew Greenbaum), Mauricio Ruiz (aka Moe Ruiz), Julio Santiago, Liliana Rodrigues, Peggay A. Greenbaum, Hyman A. Greenbaum, Jacob Brown (aka Jake Brown) or Jason Tyler.**

3. Documents that constitute or relate to monthly statements for all Accounts listed in Request No. 1, or identified in response to Request No. 2, from January 1, 2004 to present.

4. Documents that constitute or relate to all Communications, from January1, 2004 to present, between Verizon New England, Inc. and the Person(s) identified in response to Request No. 1 or listed in Request No. 2, including all customer services notes made to any Account's file.

5. Documents that constitute or relate to all payments received on the Account listed in Request No. 1, or identified in response to Request No. 2, from January, 2004 to present, including copies of the front and back of all checks.

6. If the phone number listed in Request No. 1 is not controlled or maintained by Verizon New England, Inc., please produce all documents necessary to identify the carrier who does control or maintain this number.

7. A declaration establishing the authenticity of the produced documents and their nature as business records, sufficient to satisfy the requirements of FRE 803(6) and 902(11).

**Issued by the**
**UNITED STATES DISTRICT COURT:**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| America Online, Inc. Plaintiff, v. Davis Hawke, et al. Defendants. | ) ) ) ) ) ) | **SUBPOENA IN A CIVIL CASE** Case Number: 05-0077S (D. R.I) |

**TO:** **T-Mobile USA, Inc.**
**C/o Corporation Service Company**
**222 Jefferson Boulevard, Suite 200**
**Warwick, Rhode Island 02888**

_ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

_ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the Taking of a deposition in the above case:**

| PLACE | DATE AND TIME |
|---|---|

_ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

**SEE ATTACHMENT A**

| PLACE **MAIL TO: Ratcliffe Burke Harten & Elias LLP, 1600 Financial Plaza, Providence, RI 029303 Attn: J. Richard Ratcliffe, Esq.** | DATE AND TIME **September 12, 2005** |
|---|---|

_ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty for Plaintiff | **September 2, 2005** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Richard Ratcliffe
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
Direct Dial Telephone 401.490.4651
Fax 401.331.3440

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D PAGE 2)

## PROOF OF SERVICE

| | | | |
|---|---|---|---|
| SERVED | DATE 9/2/05 | PLACE | 222 Jefferson Blvd. Warwick R.I. |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE Hand Service | A.F.S. Corp. Service Co. |
| SERVED BY (PRINT NAME) | | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 9/2/05

SIGNATURE OF SERVER

ADDRESS OF SERVER

Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911

RULE 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) required disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the *provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial* be commanded to travel from any such place within the state in which the trial is held, or

is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Documents to be Produced in Connection with Subpoena of Verizon New England, Inc.

1. All Documents that identify all Account holders or Persons making payment on each of the Accounts listed below, from January, 2004 to present (if there are multiple account holders, please identify the time period that service was provided to each account holder), including but not limited to individual and corporate names, mailing addresses, e-mail addresses, and telephone number:

**Phone Number (401) 648-1901**

2. All Documents that identify all Accounts held under the names **Jacob D. Brown, Davis Wolfgang Hawke (aka Dave Bridger, David Cross, John Milton or Andrew Greenbaum), Mauricio Ruiz (aka Moe Ruiz), Julio Santiago, Liliana Rodrigues, Peggay A. Greenbaum, Hyman A. Greenbaum, Jacob Brown (aka Jake Brown) or Jason Tyler.**

3. Documents that constitute or relate to monthly statements for all Accounts listed in Request No. 1, or identified in response to Request No. 2, from January 1, 2004 to present.

4. Documents that constitute or relate to all Communications, from January1, 2004 to present, between Verizon New England, Inc. and the Person(s) identified in response to Request No. 1 or listed in Request No. 2, including all customer services notes made to any Account's file.

5. Documents that constitute or relate to all payments received on the Account listed in Request No. 1, or identified in response to Request No. 2, from January 1, 2004 to present, including copies of the front and back of all checks.

6. If the phone number listed in Request No. 1 is not controlled or maintained by Verizon New England, Inc., please produce all documents necessary to identify the carrier who does control or maintain this number.

7. A declaration establishing the authenticity of the produced documents and their nature as business records, sufficient to satisfy the requirements of FRE 803(6) and 902(11).

**Issued by the**
**UNITED STATES DISTRICT COURT:**

**DISTRICT OF RHODE ISLAND**

America Online, Inc.
Plaintiff,

v.
Davis Hawke, et al.
Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number: 05-0077S (D. R.I)

**TO: Cox Rhode Island Telcom, Inc.**
**C/o Corporation Service Company**
**222 Jefferson Boulevard, Suite 200**
**Warwick, Rhode Island 02888**

_ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

_**YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the Taking of a deposition in the above case:**

| PLACE | DATE AND TIME |
|---|---|

_ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

**SEE ATTACHMENT A**

| PLACE **MAIL TO: Ratcliffe Burke Harten & Elias LLP, 1600 Financial Plaza, Providence, RI 029303 Attn: J. Richard Ratcliffe, Esq.** | DATE AND TIME **September 12, 2005** |
|---|---|

_ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Atty for Plaintiff | **September 2, 2005** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Richard Ratcliffe
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
Direct Dial Telephone 401.490.4651
Fax 401.331.3440

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D PAGE 2)

**PROOF OF SERVICE**

SERVED 9/2/05 DATE

PLACE 222 Jefferson Blvd. Warwick R.I.

SERVED ON (PRINT NAME)

MANNER OF SERVICE
Hand Service A-F.S. Corp. Service Co.

SERVED BY (PRINT NAME)

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 9/2/05

SIGNATURE OF SERVER

ADDRESS OF SERVER

**Thomas Noury**
**41 N. Elmore Ave.**
**P.O. Box 114026**
**North Providence, RI 02911**

RULE 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) required disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Documents to be Produced in Connection with Subpoena of Verizon New England, Inc.

1. All Documents that identify all Account holders or Persons making payment on each of the Accounts listed below, from January, 2004 to present (if there are multiple account holders, please identify the time period that service was provided to each account holder), including but not limited to individual and corporate names, mailing addresses, e-mail addresses, and telephone number:

**Phone Number (401) 714-6923**

2. All Documents that identify all Accounts held under the names **Jacob D. Brown, Davis Wolfgang Hawke (aka Dave Bridger, David Cross, John Milton, William Vallen or Andrew Greenbaum), Mauricio Ruiz (aka Moe Ruiz), Julio Santiago, Liliana Rodrigues, Peggay A. Greenbaum, Hyman A. Greenbaum, Jacob Brown (aka Jake Brown) or Jason Tyler.**

3. Documents that constitute or relate to monthly statements for all Accounts listed in Request No. 1, or identified in response to Request No. 2, from January 1, 2004 to present.

4. Documents that constitute or relate to all Communications, from January1, 2004 to present, between Verizon New England, Inc. and the Person(s) identified in response to Request No. 1 or listed in Request No. 2, including all customer services notes made to any Account's file.

5. Documents that constitute or relate to all payments received on the Account listed in Request No. 1, or identified in response to Request No. 2, from January, 2004 to present, including copies of the front and back of all checks.

6. If the phone number listed in Request No. 1 is not controlled or maintained by Verizon New England, Inc., please produce all documents necessary to identify the carrier who does control or maintain this number.

7. A declaration establishing the authenticity of the produced documents and their nature as business records, sufficient to satisfy the requirements of FRE 803(6) and 902(11).

**Issued by the**
**UNITED STATES DISTRICT COURT:**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| America Online, Inc.<br>Plaintiff,<br><br>v.<br>Davis Hawke, et al.<br>Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number: 05-0077S (D. R.I) |

**TO: Keeper of Records East Providence High School**
**2000 Pawtucket Avenue**
**East Providence, RI 02914**

_ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

_ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the Taking of a deposition in the above case:**

| PLACE | DATE AND TIME |
|---|---|

X **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

**SEE ATTACHMENT A**

| PLACE **MAIL TO: Ratcliffe Burke Harten & Elias LLP, 1600 Financial Plaza, Providence, RI 029303 Attn: J. Richard Ratcliffe, Esq.** | DATE AND TIME **9/26/05** |
|---|---|

_ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty for Plaintiff | 9/2/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Richard Ratcliffe
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
Direct Dial Telephone 401.490.4651
Fax 401.331.3440

TRUE COPY ATTEST
THOMAS NOURY
P.O. BOX 114026
NORTH PROVIDENCE, RI 02911

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D PAGE 2)

**PROOF OF SERVICE**

SERVED DATE 9/7/05 PLACE 2000 Pawtucket Ave East Providence R.I.

SERVED ON (PRINT NAME) East Providence High School

MANNER OF SERVICE Hand Service X Karen Underwood Keeper of Records

SERVED BY (PRINT NAME)

Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 9/7/05

SIGNATURE OF SERVER [signature]

ADDRESS OF SERVER Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911

RULE 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) required disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

All records in the care, custody or control of East Providence High School, or any other entity that may have or hold such records on behalf of East Providence High School, including, but not limited to, the East Providence School Department, including but not limited to records of attendance, disciplinary action, and personal files, relating to any and all students by the name of Michael Clark, from 1999-2005.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

America Online, Inc.

V.

Davis Hawke, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-0077S

TO: Liliana Rodrigues
111 Freight Street, Apt. 14
Pawtucket, RI

x YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court Annex<br>Two Exchange Terrace<br>Providence, RI | A |
| | DATE AND TIME<br>09/13/2005 10:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule A

United States District Court Annex, Courtroom A
Two Exchange Terrace, Providence, RI ,09/13/2005 at 10:00 a.m.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty For Plaintiff | 09/09/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Richard Ratcliffe, Esq. 1600 Financial Plaza, Providence, RI 02903
401 331 3400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

41.00 # 4532

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 9/9/05 | 111 Frieght St. Pawtucket R.I. Apt 14 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Liliana Rodrigues | Personally To Witness |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Thomas Noury<br>41 N. Elmore Ave.<br>P.O. Box 114026<br>North Providence, RI 02911 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 9/9/05
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911

# SCHEDULE A

1. All your federal and state tax filings and returns for for the past seven (7) years.

2. All documentation in your possession, custody and control (including bookkeepers, accountants and/or lawyers) pertaining to:

   a. Your assets, including, without limitation, real estate; motor vehicles; boats; machinery; tools; inventory; accounts receivable.

   b. Any and all documents relating to savings accounts, checking accounts or money market accounts in the your name, or any aliases or pseudonyms thereof, including, but not limited to, checkbooks, check registers, bank books, monthly checking account statements, monthly savings account statements, annual checking account statements, annual savings account statements, annual money market account statements, certificates of deposit, etc., for the period from January 1, 2000 through the present.

   c. Any and all documents relating to your liabilities including, without limitation, mortgages, judgments, promissory notes, credit cards, charge accounts, etc., for the period January 1, 2000 through today's date.

   d. Any and all contracts by and between you and any other party executed during the past seven (7) years or any part of which was, or was agreed to be, performed or completed within the past seven (7) years.

   e. Any and all of your financial statements for the past seven (7) years.

3. Any and all documents evidencing the names and addresses of any and all third parties to which you have transferred any asset/s, including currency, stocks, bonds accounts, or any real or personal property in the last seven (7) years including the date of transfer and the identity of the asset/s transferred to each party.

4. Any and all documents evidencing any and all purchases made by the you within the past year including, but not limited to, receipts, invoices, cancelled checks, credit account statements, bank account records, and bills of laden.

5. Any and all documents evidencing any and all sales or other exchanges of property, without limitation, made by the Defendant/Debtor within the past year including, but not limited to, receipts, invoices, bank account records, and bills of laden.

6. Any and all documents relating to your household expenditures or other expenses incurrd by you within the past year.