**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICA ONLINE, INC.<br>Plaintiff,<br><br>vs.<br><br>DAVIS WOLFGANG HAWKE, et al<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | M. No. 05-0077S |

**Plaintiff's Objection to Defendant Mauricio Ruiz's**
**Motion to Stay Proceedings Pursuant to**
**Federal Rule of Civil Procedure 62(b)**

Now comes the plaintiff, America Online, Inc., ("AOL") in the above-entitled action and objects to Defendant Mauricio Ruiz's ("Ruiz") Motion to Stay proceeding pursuant to Federal Rule of Civil Procedure 62(b). In support hereof, AOL relies upon its memorandum of law, submitted simultaneously herewith.

America Online, Inc.
By its Attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Of counsel:

Jennifer C. Archie, Esq.

*pro hac vice*
LATHAM & WATKINS, LLP
555 11th Street, N.W., Suite 1000
Washington, District of Columbia 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within pleading was served via first class mail, postage prepaid on the 21st day of September, 2005 to the following counsel of record:

Brandon S. Bell, Esq.
420 Angell Street
Providence, RI 02906

Mr. Jacob Brown
78 Sprague Street, 2nd Floor
Cranston, RI 02907-2503

Sharon Beck

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICA ONLINE, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | M. No. 05-0077S |
| | ) | |
| DAVIS WOLFGANG HAWKE, et al | ) | |
| Defendants. | ) | |

**Memorandum In Support of Plaintiff's Objection to Defendant Mauricio Ruiz's Motion to Stay Proceedings Pursuant to Federal Rule of Civil Procedure 62(b)**

Now comes the plaintiff, America Online, Inc., ("AOL") in the above-entitled action and hereby objects to Defendant Mauricio Ruiz's ("Ruiz") motion to stay proceeding pursuant to Federal Rule of Civil Procedure 62(b). Rule 62(b) permits a court to stay proceedings, "pending the disposition of. . . a motion for relief from judgment or order *made* pursuant to Rule 60. . . ." *Fed. R. Civ. P.* 62(b) (emphasis added). As grounds for his motion, Ruiz asserts only that he has "every intention" of filing a motion to vacate the Virginia court judgment that is the basis of this case (the "Virginia judgment").[1] *See* Affidavit of Mauricio Ruiz, (Sept. 13, 2005). However, Rule 62 does not speak of intended motions, but of motions "made." Ruiz's motion is premature and must, therefore, be denied. If Rule 62(b) permitted a stay upon an applicant's statement of intent to file a motion to vacate, litigants could easily misuse the rule merely to cause delay in the enforcement

---

[1] This Rhode Island case was initiated by registration of a judgment rendered by U.S. District Court for the Eastern District of Virginia. Registration was pursuant to 28 U.S.C. § 1963 (2005).

of judgments.[2]

Even if Ruiz's motion was not premature – which it is – a Rule 62(b) motion to stay rests within the court's sound discretion. *See Fed. R. Civ. P.* 62(b); 12-62 Moore's Federal Practice - Civil § 62.04. This case is not suitable for an exercise of this Court's discretion because Mr. Ruiz's intended motion to vacate – if filed – is sure to be denied by the Virginia court. AOL filed the lawsuit underlying the Virginia judgment on March 9, 2004. AOL amended its complaint on March 19, 2004 to add Ruiz as a defendant in that case. Ruiz was personally served on March 20, 2004. *See attached* **Appendix A**, *Declaration of Jennifer C. Archie*, ¶ 2. Further, Ruiz contacted AOL's attorney after the Complaint and Summons were served and acknowledged receipt thereof and the pendency of this litigation. *Id.* at ¶ 3. During that telephone conversation, AOL's attorney expressly advised Ruiz that he should retain counsel, that the litigation involved material deadlines, and that his failure to participate could result in the entry of default. *Id.* at ¶ 4. Notwithstanding his receipt of the complaint and summons and express warning that default could enter against him if he did not answer the Complaint, Ruiz did nothing. On May 2, 2005, more than a year after Ruiz was served, the Virginia Court granted default judgment against Ruiz. Judgment was entered on the same date. *See attached* **Appendix B**. Ruiz had ample time to answer the Complaint and avoid default judgment but refused to do so.

Despite his knowing failure to answer AOL's complaint in the Virginia Court, Ruiz now asserts that he intends to move to vacate that judgment. Ruiz's contemplated motion – if made – is sure to fail. A movant seeking relief from a judgment under Rule 60(b) must make an initial

[2] As of September 19, 2005, almost a week after the filing of the Motion for a Stay, Ruiz had not yet filed a Motion to Vacate the Virginia judgment. See Affidavit of J. Richard Ratcliffe, attached as **Appendix F.**

threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) (footnote omitted)). Whether a party has taken reasonably prompt action in seeking to set aside default "must be gauged in light of the facts and circumstances of each occasion. . . ." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). In the instant case, Ruiz has not made a timely motion. More than four months have elapsed since the default judgment was entered and Ruiz still has not filed his motion. *See McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (delay of three to four months in bringing Rule 60(b) motion considered untimely in the absence of an explanation). Ruiz cannot possibly advance a legitimate explanation for this delay because he has had ample notice that default was entered and that AOL is acting upon that judgment. After registering the Virginia judgment in this court, AOL requested a citation hearing to determine Ruiz's ability to pay. Ruiz had actual notice of the citation hearing on July 19, 2005. *See attached* **Appendix C**, "Process Return and Receipt" (July 19, 2005). At that time he was served with the court's order commanding his appearance for examination, *attached hereto as* **Appendix D**, and a subpoena for his deposition.[3] Ruiz was then deposed on August 3, 2005. Thereafter, on or about August 18, 2005, Ruiz through counsel, requested a continuance of the hearing. *See attached* **Appendix F**, "Affidavit of J. Richard Ratcliffe." AOL agreed to reschedule the hearing, which was held on September 13, 2005.

Despite ample opportunity from the date he was given notice of AOL's enforcement

---

[3] AOL notes that Ruiz was served with an execution addressed to another co-defendant on July 19, 2005. However, because the order for hearing was attached, Ruiz had actual notice thereof. Further, Ruiz was served with the proper execution, along with notice of the hearing again, on August 17, 2005. *See attached* **Appendix E**, "Process Return and Receipt" (Aug, 17, 2005).

Despite ample opportunity from the date he was given notice of AOL's enforcement proceedings, i.e., July 19, 2005, Ruiz did not file his motion to stay with this Court until the date of the citation hearing. *See* Defendant Ruiz's "Motion to Stay." And, even then, Ruiz still asserted only an "intent" to move to vacate the default. Thus, though Ruiz has known of the enforcement proceedings for at least two months, he has not yet moved to vacate the Virginia judgment. There is no excuse for his delay – given the history of the Virginia case and Ruiz's intransigence therein, it is clear that his alleged intent to move for vacatur is the consequence only of the fact that AOL is vigorously attempting to enforce its judgment. Such a motive is detrimental to a motion to vacate. *Cf. NOW v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995) (defendants denied relief because they failed to take action for over a year and then only when the plaintiffs were seeking to enforce their judgment). For the same reasons, Ruiz will not be able to show "exceptional circumstances" warranting relief from the judgment, and the Virginia court is sure to deny any motion that Ruiz might file.

Not only will Ruiz be unable to demonstrate that his contemplated Motion to Vacate is untimely, he will certainly be unable to make an initial threshold showing a "meritorious defense." *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d at 48. During his recent deposition, Ruiz admitted to the very conduct that forms the basis of the Complaint. When questioned about a series of payments he received from Amazing Internet Products, he admitted that the payments were for spam advertising to AOL members for Pinacle Penis enlargement pills. *Deposition of Mauricio Ruiz*, ("Ruiz Depo.), pp. 69-85 and Exhibit 5 thereto.[4] In addition, he authenticated an e-

[4]A copy of the deposition of Mauricio Ruiz with attached exhibits has been filed with the Court pursuant to a request of Magistrate Judge Almond.

mail he sent to AOL's attorney that provided an in depth description of his illegal spam activities. *Ruiz Depo.*, pp. 91-96 and Exhibit 6 thereto.

Finally, Ruiz will not be able to demonstrate a basis for vacatur. After a party has crossed the initial threshold of showing, *inter alia,* timeliness, he then must satisfy one of the six specific sections of Rule 60(b). *Dowell*, 993 F.2d at 48. Although Ruiz has not offered this Court a basis for his "intended" motion, the only *conceivable* motion would be made pursuant to Rule 60(b)(1) or Rule 60(b)(6).[5] Rules 60(b)(1) and 60(b)(6) provide:

> (b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; . . . or (6) any other reason justifying relief from the operation of the judgment.

Such a motion will not be reviewed favorably by the Virginia district court. "When the party is at fault, the court's interest in finality and efficiency dominates and the party must adequately defend its conduct in order to show excusable neglect." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988), (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987). In *Park*, the seminal Fourth Circuit case on this point, an insurer received process in its mailroom and inexplicably lost the papers. No attorney was contacted and no answer was filed, which eventually resulted in a default judgment. Although the insurer clearly had a meritorious defense, the court held that it had failed to show excusable neglect, or any excuse at all, for its failure to answer, therefore it was not entitled to relief. *See also, e.g.*, *Heyman v. M. L.*

---

[5] Because the judgment at issue was one issued by *default*, it is inconceivable that Ruiz intends to seek vacatur based upon newly discovered evidence, pursuant to Rule 60(b)(2), or based upon an allegation of fraud or misrepresentation by AOL, pursuant to Rule 60(b)(3). Nor is there a tenable argument that the Virginia judgment could be void or that Ruiz has satisfied the judgment. *See Fed. R. Civ. P.* 60(b)(4) and *Fed. R. Civ. P.* 60(b)(5).

*Mktg. Co.*, 116 F.3d 91, 96 (4th Cir. 1997) (bankruptcy trustee's claims that circumstances of the case was "anomalus," that bankruptcy involves confusing proceedings, and that he was overworked did not justify vacatur of dismissal granted where the trustee failed to comply with a court order requiring him to have an attorney enter an appearance). Certainly Ruiz's intransigent conduct before the Virginia court falls far shorter in establishing mistake, inadvertence, surprise, excusable neglect, or "any other reason justifying relief from the operation of the judgment" than the defendant's loss of papers in *Park* or the trustee's neglect in *Heyman*. Consequently, the Virginia district court is sure to deny Ruiz's motion – if filed – bearing in mind the Supreme Court's admonition that:

> There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with an . . . order . . . . But [dismissal] must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642-43 (1976).

Because there is no conceivable basis for Ruiz's intended Motion to Vacate that is likely to pass muster with the United States District Court for the Eastern District of Virginia, the Plaintiff AOL respectfully submits that the Court should decline to exercise its discretion to stay these enforcement proceedings, even if Ruiz's motion to stay were not premature.

## **Conclusion**

For the foregoing reasons, the Plaintiff, America Online, Inc., respectfully requests that this Court deny Ruiz's motion to stay proceedings pursuant to Rule 62(b) of the Federal Rules of Civil Procedure.

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Of counsel:

Jennifer C. Archie, Esq.

*pro hac vice*
LATHAM & WATKINS, LLP
555 11th Street, N.W., Suite 1000
Washington, District of Columbia 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within pleading was served via first class mail, postage prepaid on the 21st day of September, 2005 to the following counsel of record:

Brandon S. Bell, Esq.
420 Angell Street
Providence, RI 02906

Mr. Jacob Brown
78 Sprague Street, 2nd Floor
Cranston, RI 02907-2503