**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AMERICA ONLINE, INC.<br>Plaintiff,<br><br>vs.<br><br>DAVIS WOLFGANG HAWKE, et al<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | M. No. 05-0077S |

**PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PAYMENTS BY MAURICIO RUIZ OR, IN THE ALTERNATIVE, TO ATTACH, WITHHOLD AND CHARGE THE WAGES OF MAURICIO RUIZ**

Now comes the plaintiff, America Online, Inc., in the above-entitled action and hereby moves pursuant to *Fed. R. Civ. P.* 69 and *R.I. Super. R. Civ. P.* 69(c) for an order compelling Mauricio Ruiz to make an immediate payment of $5,200.00 to America Online, Inc. and to thereafter make monthly payments of $1,500.00, until such time as the judgment against him is fully satisfied. America Online moves, in the alternative, pursuant to *Fed.R.Civ.P.* 69 and *R.I. Super. R. Civ. P.* 69(e) for an order: (1) compelling Mauricio Ruiz to make an immediate payment of $5,200.00 to America Online, Inc., and (2) authorizing a writ of attachment/garnishment as to the wages of Mauricio Ruiz to the maximum extent authorized by law until such time as the judgment against him is satisfied, i.e., to the value of $12,834,553.82 plus applicable interest, costs, and attorneys' fees. America Online requests that the order require Mr. Ruiz's employers to withhold such amounts from Mr. Ruiz's wages and to deliver them to America Online on a monthly basis.

In support hereof, America Online submits the accompanying Memorandum of Law.

America Online, Inc.
By its Attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Of counsel:

Jennifer C. Archie, Esq.

*pro hac vice*
LATHAM & WATKINS, LLP
555 11th Street, N.W., Suite 1000
Washington, District of Columbia 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within pleading was served via first class mail, postage prepaid on the 22nd day of September, 2005 to the following counsel of record:

Brandon S. Bell, Esq.
420 Angell Street
Providence, RI 02906

Mr. Jacob Brown
78 Sprague Street, 2nd Floor
Cranston, RI 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICA ONLINE, INC. Plaintiff, | ) | |
| | ) | |
| vs. | ) | M. No. 05-0077S |
| | ) | |
| DAVIS WOLFGANG HAWKE, et al Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PAYMENTS BY MAURICIO RUIZ AND IN SUPPORT OF PLAINTIFF'S ALTERNATIVE MOTION TO ATTACH THE WAGES OF DEFENDANT RUIZ**

## I. America Online Is Entitled to An Order for Monthly Payments Because Mr. Ruiz's Income Exceeds His Reasonable Expenses.

Plaintiff, America Online, Inc., moves for an order compelling Mauricio Ruiz to make an immediate payment of $5,200.00 to America Online, Inc., and to thereafter make monthly payments of $1,500.00 until such time as the judgment against him is fully satisfied. Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, Rule 69 of the Rhode Island Superior Court Rules of Civil Procedure governs practice and procedure in supplementary proceedings in aid of execution of money judgments. *See Fed. R. Civ. P.* 69(a); 13-69 Moore's Federal Practice - Civil § 69.03 (2005).[1] Rule 69(c) of the Rhode Island Superior Court Rules of Civil Procedure authorizes the court to order a judgment debtor to make periodic payments toward satisfying a judgment, after allowing a reasonable amount for the support of the debtor and the debtor's family. *R.I. Super. R. Civ. P.*

---

[1] Specifically, Rule 69(a) provides that:

> the procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

69(c)(1). The court has discretion to determine the "amount, frequency, and manner" of payment. *Id.* This includes the authority to order an immediate lump sum payment as well as future, periodic installment payments. *See*, *e.g.*, *Ciccone v. Ciccone*, 204 A.2d 365 (R.I. 1964). The Order is not garnishment and, therefore, not subject to statutory restrictions applicable to a motion to attach wages.

On September 13, 2005, a citation hearing was held at which Mr. Ruiz testified as to his assets, income and expenditures, as he did in his deposition conducted on August 3, 2005 ("Ruiz Depo").[2] Mr. Ruiz testified, at the citation hearing, that he expects to earn approximately $44,000 in annual wages from Diversified Imports, Inc., a company owned and operated by his mother. This is approximately $3,666.00 per month. Ruiz testified, however, that he previously worked for Allied Home Mortgage Capital Corporation and had earned approximately $73,000 in the first nine months of 2005. Mr. Ruiz inexplicably left this more lucrative position to work for Diversified Imports, Inc. soon after America Online initiated these enforcement proceedings.

Mr. Ruiz testified at the citation hearing that he recently had approximately $10,000 in cash assets, some of which he spent and some of which he loaned to friends. He testified that he presently had $4,500.00 to $5,000.00 in cash and that he is owed $2,700 on the loans he made. The Court enjoined and restrained Mr. Ruiz from spending $2,500.00 of the cash he had as well as the $2,700.00 that was owed to him.

As to expenses, Mr. Ruiz has testified that he pays the lease on his apartment at 111 Freight Street, which is $750.00 per month. *Ruiz Depo.* at p. 6. At the citation hearing, he testified that he

[2] A copy of the deposition of Mauricio Ruiz with attached exhibits has been filed with the Court pursuant to a request of Magistrate Judge Almond.

pays approximately $279.00 per month for utilities and phone expenses. However, America Online submits that the Court should disregard some of these expenses, such as cable television and a redundant cellular phone. Mr. Ruiz testified that he has both a cell phone and a home phone. He testified that his cell phone bill is approximately $100.00 per month; however, he offered no business necessity for this phone since leaving his job with Allied to move to Diversified Imports, Inc. Consequently, America Online submits that the cell phone bill is redundant. Mr. Ruiz's only true utility expense is electricity – Mr. Ruiz testified that his rent includes heat. A copy of Mr. Ruiz's most recent home phone and electric bills are attached hereto as **Appendices A** and **B**, respectively. They evidence that Mr. Ruiz's monthly home phone expense is $51.40 – exclusive of collect calls that Mr. Ruiz accepts – and that his electric bill was $44.00 for the period from July 18 - August 17, 2005. Because Mr. Ruiz testified that heat is included in his rent, his electric bill should be consistent throughout the year. From his phone and electric bills, it can be seen that Mr. Ruiz's total expenses for rent, electricity – his sole utility expense, – and his home phone amounts to approximately $850.00. These are Mr. Ruiz's reasonable living expenses.

Mr. Ruiz has testified that he also pays approximately $190.00 per month for car insurance. *Id.* at 47. (He testified that he owns a Mazda as well as a Jeep, although he testified that the Mazda is titled to Liliana Rodriguez and that he has abandoned the jeep at a police impound lot. *Id.* at 48-49, 112). He has testified that he spends approximately $300 per month for groceries. *Id.* at 17.[3] Totaling Mr Ruiz's rent, electric, home phone, car insurance and grocery bill, Mr. Ruiz's testimony indicated total monthly expenditures of $1,340.00 for reasonable living expense. The difference

[3] Additionally, Ruiz testified that he dines out frequently and spends approximately $400.00 per month to do so. *Id.* at 17.

between this amount and his expected salary is $2,326.00. Plaintiff requests that this Court order Mr. Ruiz to turn over his cash and loan repayments to America Online and to hereafter make monthly payments of $1,500.00. This amount, while contributing minimally to the judgment against Mr. Ruiz, will afford him ample resources to pay his reasonable living expenses and will leave him with ample reserves for potential fluctuations.

Mr. Ruiz will suffer no harm from the requested order. Although he has stated that he spends more than he makes – a factual impossibility given his corresponding testimony that he does not have lines of credit in his name[4] – his testimony also indicates that these expenses are for third persons over whom he has no legal responsibility, Liliana Rodriguez and her children. He testified that he purchased a Mercedes Benz automobile for Ms. Rodriguez. *Ruiz Depo.* at 50-54. He testified that he purchases clothing for Ms. Rodriguez in the amount of $250.00 per month. *Id.* at 60. Additionally, Mr. Ruiz has testified that he gambles weekly at Foxwoods Casino in Connecticut. *Id.* at 57. For example, he testified at the citation hearing that he lost approximately $250.00 at Foxwoods Casino on Wednesday, September 7, 2005, and another $250.00 on Sunday, September 11, 2005. Finally, he testified that he averages $200.00-$250.00 per month for general entertainment expenses. Mr. Ruiz's testimony, both at the citation hearing and at his deposition, evidence that his income and assets greatly exceed his reasonable living expenses. Despite his testimony as to his salary, Mr. Ruiz is able to support an individual to whom he is not married and for whom he has no legal responsibility. His deposition testimony makes clear that Ms. Rodriguez is herself able to work, but chooses not to do so, apparently because Mr. Ruiz is able to provide for both Ms. Rodriguez and himself. In light of this evidence, America Online's request for monthly payments

---

[4] *See Ruiz Depo.* at p. 34.

of $1,500 is just and reasonable.

## II. America Online Is Entitled to Garnish Mr. Ruiz's Wages If This Court Declines to Award Direct Installment Payments.

Should this Court decline to grant America Online's requested motion for installment payments, America Online moves, pursuant to *Fed. R. Civ. P.* 69 and *R.I. Super. R. Civ. P.* 69(e) for a writ of attachment/garnishment as to Mr. Ruiz's wages. Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, the Rhode Island Superior Court Rules of Civil Procedure govern practice and procedure in supplementary proceedings in aid of execution of money judgments. *See Fed. R. Civ. P.* 69(a); 13-69 Moore's Federal Practice - Civil § 69.03 (2005).[5] Rule 69 of the Rhode Island Rules of Civil Procedure provides, in pertinent part:

> (f) Attachment of Wages After Judgment. A writ of attachment to be served as a writ of garnishment of wages after the plaintiff's claim has been reduced to judgment in any civil action shall be issued, in the same action, only upon motion and notice to the defendant and an opportunity to be heard thereon and shall contain the date of the hearing, which shall be not less than 10 nor more than 25 days after the date of the mailing of the notice.

Thus, this Court is authorized to issue a writ of garnishment as to the defendant's wages.

Plaintiff respectfully moves this Court to issue writs of garnishment directed to Diversified Imports, Inc. ("Diversified), of 26 Ship Street, 2nd Floor, Providence, RI 02903, and to Allied Home Mortgage Capital Corporation, ("Allied") 545 Pawtucket Avenue, Pawtucket, RI 02860, requiring them to render accounts in writing, upon oath, to the Court within twenty days after service – pursuant to *R.I. Gen. Laws* § 10-17-4(a) – and to render supplementary accounts monthly thereafter

---

[5] Specifically, *Fed. R. Civ. P.* 69(a) provides that:

> the procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

pursuant to *R.I. Gen. Laws* § 10-17-4(a). The accounts shall state "what wages or personal estate, if any, up to the amount of the demands set forth in the writ, the trustee had in his, her, or its hands or possession at the time the writ was served." *R.I. Gen. Laws* § 10-17-2. The accountings will allow America Online to verify Mr. Ruiz's income and any changes therein so that it can diligently protect its rights.

Plaintiff requests that the court order for writ of attachment order the relevant employers to withhold the wages of Mauricio Ruiz to the maximum extent allowed by law pursuant to *R.I. Gen. Laws* § 10-17-7 and § 10-5-8. Section 10-17-7 states that "if the accounts filed by any trustee in accordance with § 10-17-2 shall disclose that the trustee is holding any wages or personal estate of the defendant, then the trustee shall be charged to the amount disclosed, if less than the judgment or decree, otherwise to the amount of the judgment or decree. At the discretion of the Court, an order may be entered allowing a partial charge of those funds." America Online is *entitled* to garnish Mr. Ruiz's wages, subject only to federal or state statutory exemptions. *See R.I. Gen. Laws* § 10-5-8.[6] Pursuant to federal law, America Online is entitled to garnish the lesser of: (1) that amount of Ruiz's

---

[6] *R.I. Gen. Laws* § 10-5-8(a) states that:

> Any writ of attachment, served as a writ of garnishment for the attachment of the personal estate of the defendant in the hand and possession of any employer of the defendant, *shall be effective to attach so much only of such personal estate consisting of the salary or wages due and payable to the defendant, or to become in the future due and payable to the defendant, as is in excess of the amount of the defendant's salary or wages exempt by law from attachment.* And the garnishee, being the defendant's employer, shall be required to make affidavit and shall be held liable for the defendant's personal estate consisting of the salary or wages due and payable to the defendant or to become in the future due and payable to the defendant only in respect of the excess amount exempt from attachment. Any writ of garnishment served under the provisions of this section shall state the judgment amount, and the employer shall withhold sums not exempt by law until the amount of withholding equals the amount of the judgment. The employer shall be entitled to the sum of five dollars ($ 5.00), payable directly from the employee to the employer, for each writ of garnishment served upon the employer regarding any employee. (Emphasis added).

wages which exceeds thirty (30) times the federal minimum hourly wage or, (2) if Ruiz's earnings exceed forty (40) times the federal minimum hourly wage, America Online is entitled to garnish that which exceeds seventy-five (75%) of his total "disposable earnings." *See* 15 U.S.C. § 1673 (2005). "Disposable earnings" means all earnings remaining after deductions required by law, such as Social Security, income tax, and Temporary Disability Contributions. *See* 15 U.S.C. § 1672 (2005). America Online respectfully requests that this Court order the relevant employers to withhold this amount from Ruiz's wages and to turn such amounts over to America Online at the time of each accounting until such time as the judgment against Mr. Ruiz is satisfied.

In support of this Motion, plaintiff relies upon the Affidavit of J. Richard Ratcliffe, attached hereto as **Appendix C**.

WHEREFORE, Plaintiff America Online, Inc. respectfully requests an order requiring Mr. Ruiz to immediately deliver to America Online $ 5200.00 comprising the cash that Mr. Ruiz has and the loan repayments due to him, and to make monthly payments of $1,500.00 to begin immediately, until the judgment against him is satisfied. A proposed order is attached hereto as **Appendix D**. America Online Requests a six month review to determine if Mr. Ruiz's ability to pay has changed. Alternatively, America Online requests an order requiring Mr. Ruiz to immediately deliver $5,200 to America Online together with an order for a writ of attachment as to any and all wages of Mr. Ruiz. A proposed order is attached hereto as **Appendix E**.

America Online, Inc.
By its Attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Of counsel:

Jennifer C. Archie, Esq.

*pro hac vice*
LATHAM & WATKINS, LLP
555 11th Street, N.W., Suite 1000
Washington, District of Columbia 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within pleading was served via first class mail, postage prepaid on the 22nd day of September, 2005 to the following counsel of record:

Brandon S. Bell, Esq.
420 Angell Street
Providence, RI 02906

Mr. Jacob Brown
78 Sprague Street, 2nd Floor
Cranston, RI 02920