UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICA ONLINE, INC. | : | |
| | : | |
| v. | : | Misc. No. 05-77S |
| | : | |
| DAVIS WOLFGANG HAWKE, et al. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiff's Motion for an Order Compelling Payments by Defendant Jacob Brown (Document No. 40). 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). Plaintiff commenced this miscellaneous action on June 10, 2005 by registering a default judgment for enforcement in this District pursuant to 28 U.S.C. § 1963. The default judgment relates to an action involving illegal email "spamming" activities which was commenced in 2004 in the Eastern District of Virginia (Case No. 1:04CV259). On May 2, 2004, default judgment was entered against Defendants Hawke, Brown and Ruiz in the total amount of $12,834,553.82 plus interest at the statutory rate.

Pursuant to Fed. R. Civ. P. 69(a) and R.I. Super. Ct. R. Civ. P. 69(c), Plaintiff moves for an order compelling Defendant Brown to make monthly payments of $200.00 in aid of execution on its default judgment. Defendant Brown is pro se in this matter and has appeared before this Court for a judgment debtor examination on September 13, 2005 and for argument on the instant Motion on October 13, 2005. Defendant Brown was also deposed on August 16, 2005 and this Court has thoroughly reviewed the deposition transcript.

It appears from Defendant Brown's sworn deposition testimony and his testimony and arguments before this Court that he has almost no assets to speak of and current monthly income which by all accounts does not exceed $1,200.00 per month or $14,400.00 annually, before taxes. Defendant Brown's total rent is $360.00 per month, and he estimated his food and fuel expenses to be approximately $650.00 per month. This totals $1,010.00 per month in expenses, and subtracting those expenses from Defendant Brown's pretax monthly income of $1,200.00 would leave Defendant Brown with less than the $200.00 requested by Plaintiff. Further, Defendant Brown did not provide any estimate of other normal and essential expenses such as automobile insurance / repairs, health care needs, personal hygiene items and clothing. Defendant Brown argued that he spends everything that he earns and could not afford to make any payments, never mind the $200.00 per month requested by Plaintiff.[1]

Defendant Brown's current annual income level barely exceeds the 2005 Federal Poverty Level ("FPL") of $9,570.00 for an individual. In addition, his annual income level is less than the 2003 Rhode Island Standard of Need ("RISN") of $14,868.00 for an individual. The RISN was developed by The Poverty Institute at Rhode Island College to more accurately reflect the regionalized cost of an individual's basic monthly needs in Rhode Island than the FPL formula which was developed in the 1960s and is considered outdated.

Because Defendant Brown's current income level is less than the 2003 RISN for an individual, this Court accepts his representation that he could not afford to make any monthly

---

[1] Although the merits of this case are not before this Court, the deposition transcript submitted by Plaintiff reflects that Defendant Brown's involvement in the "spamming" activity was very limited both in time and scope. Defendant Brown admitted in his deposition that he was an employee / "gofer" of Defendant Hawke for two or three months in early 2004 but denied any knowledge that Defendant Hawke was "spamming." Plaintiff also has not shown that Defendant Brown profited to any great extent from this "spamming" activity.

payment at this time. Thus, Plaintiff's Motion to Compel Payments as to Defendant Brown is DENIED. Defendant Brown is advised that this denial of Plaintiff's request at this time does not mean that he is excused from satisfying Plaintiff's default judgment against him. The denial simply means that the Court has determined that he cannot afford periodic installment payments towards the judgment at this point in time. Plaintiff may conduct future post-judgment discovery of Defendant Brown's assets and financial status and has the right to renew its request for payments in the future pursuant to Fed. R. Civ. P. 69 and R.I. Super. Ct. R. Civ. P. 69(c)(2) if there is any relevant and material change in his financial circumstances.

For the foregoing reasons, Plaintiff's Motion for an Order Compelling Payments by Jacob Brown (Document No. 40) is DENIED WITHOUT PREJUDICE TO RENEWAL.

LINCOLN D. ALMOND
United States Magistrate Judge
October 14, 2005