RECEIVED

JUN 02 2006

Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICA ONLINE, INC. )
Plaintiff, )
)
vs. ) M. No. 05-0077S
)
DAVIS WOLFGANG )
HAWKE, et al )
Defendants. )

**MOTION OF AMERICA ONLINE TO HOLD DEFENDANT MAURICIO A. RUIZ IN CONTEMPT FOR FAILURE TO COMPLY WITH THE OCTOBER 17, 2005 COURT ORDER AND TOAPPEAR AT A DEPOSITION**

Plaintiff America Online, Inc. ("AOL") moves this Court for an order holding the defendant Mauricio A. Ruiz ("Ruiz") in civil contempt for failing to comply with this Court's October 17, 2005, Order requiring him to make payments of Six Hundred Dollars ($600.00) per month and for failing to comply with a Notice of Deposition, dated April 19th, 2006, requiring his attendance at a deposition scheduled for May 2, 2006. A copy of the October 17, 2006 Court Order is attached to the "Memorandum In Support of America Online's Motion to Hold Defendant Mauricio A. Ruiz in Contempt for Failure to Comply with the October 17, 2005 Court Order and to Appear at a Deposition" (hereinafter referred to as the "Memorandum"). *See Appendix B* to the Memorandum. A copy of the "Notice to Take Deposition" is attached to Exhibit 1 of the May 2, 2006 deposition transcript. *See Appendix A* ("Scheduled Deposition of Mauricio A. Ruiz"), to the Memorandum.

AOL requests that the Contempt Order require Ruiz to immediately deliver Eighteen Hundred Dollars ($1800.00) to AOL, which represents the payments now past due pursuant to this Court's October 17, 2005 Order. Pursuant to the Order Ruiz was required to make payments

of Six Hundred Dollars ($600.00) per month on the first day of each month commencing on December 1, 2005. Ruiz has not made the March, April or May payments – which total Eighteen Hundred Dollars ($1800.00).

AOL also requests that the Contempt Order specifically compel Ruiz to appear for a deposition with the documents he was requested to bring with him at the law offices of Ratcliffe, Burke, Harten & Elias LLP, 1600 Financial Plaza, Providence, RI, at a time to be set by AOL in a subsequent "Notice of Deposition," but no sooner than 15 days from the date of the Contempt Order hereon and no later than 45 days from the date of said Contempt Order (or such other time as this Court may deem appropriate).

AOL further requests that such Contempt Order include therein the following provisions:

(i) That AOL shall be awarded the costs and reasonable attorney's fees incurred by AOL in preparing for and attending the for the May 2, 2006 deposition and in bringing this motion;

(ii) That, if Ruiz shall fail to attend the re-noticed deposition, a body attachment authorizing his civil arrest – for presentation to the Court for hearing to justify his failure to attend – shall be issued by the clerk upon application by AOL;

(iii) That, if Ruiz shall fail to attend the re-noticed deposition, AOL shall be awarded the costs and reasonable attorney's fees incurred in preparing for and attending that deposition, subject only to application to and review by this Court for reasonableness;

(iv) That, if Ruiz shall fail to attend the re-noticed deposition, AOL shall be awarded the costs and reasonable attorney's fees incurred in preparing the applications referred to in paragraphs (i) and (iii), above.[1]

In support hereof, AOL relies upon the accompanying Memorandum of Law.

**<u>Conditional Request for Hearing</u>**

Pursuant to *R.I. U.S. Dist. Ct. Rule* 7(e) AOL hereby requests oral argument ONLY in the event that an Objection is presented to this motion. AOL estimates that the oral argument will take no longer than thirty (30) minutes in total.

Plaintiff,
America Online, Inc.
By its attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: 401.331.3400
Fax: 401.331.3440

[1] AOL notes that its counsel is prepared to submit an appropriate order if its motion is granted. It has not submitted one with this motion in recognition of *R.I. U.S. Dist. Ct. Rule* 7.1(a), which states that "unless the Court otherwise directs, all orders shall be prepared by the deputy clerk assigned to the judge issuing the order."

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within pleading was served via first class mail, postage prepaid on the 31st day of May, 2006 to the following counsel of record:

Brandon S. Bell, Esq.
420 Angell Street
Providence, RI 02906

Sharon Beech

RECEIVED

JUN 02 2006

Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICA ONLINE, INC.<br>Plaintiff,<br><br>vs.<br><br>DAVIS WOLFGANG<br>HAWKE, et al<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | M. No. 05-0077S |

**MEMORANDUM IN SUPPORT OF THE MOTION OF AMERICA ONLINE TO HOLD DEFENDANT MAURICIO A. RUIZ IN CONTEMPT FOR FAILURE TO COMPLY WITH THE OCTOBER 17, 2005 COURT ORDER AND TOAPPEAR AT A DEPOSITION**

## I. This Court has Discretion to Award Sanctions for the Failure of Mauricio Ruiz to Attend Deposition.

Mauricio A. Ruiz ("Ruiz") was served with a Notice of Deposition on April 19, 2006. *See attached* **Appendix A**, Ex. 1 at p. 2 ("Certification").[1] The deposition was scheduled for May 2, 2006 at 2:00 p.m. The day prior to the deposition, Counsel for AOL conferred with Ruiz's attorney, who confirmed the deposition. *See attached* **App. A** at p. 3, l. 9-11. Nevertheless, an hour before the deposition – after Counsel for AOL had already expended time and resources preparing for the deposition – Ruiz contacted his attorney and left a message that he was "not feeling well." *Id.* at p. 3, l. 13-15. His attorney unsuccessfully attempted to contact Ruiz to speak with him. Ruiz has made no efforts to reschedule his deposition.

"A proper deposition notice is sufficient to compel the party witness's attendance, with sanctions available should the party fail to appear." 7-30 Moore's Federal Practice - Civil §

[1]**Appendix A** is that transcript from the May 2, 2006 "Scheduled Deposition of Mauricio A. Ruiz." Exhibit 1 thereto is the "Notice of Deposition" that was served on Mr. Ruiz, through his attorney.

30.21 (2005) (citing *Fed. R. Civ. P.* 37(d)). "District courts have broad discretion in determining whether to impose Rule 37(d) non-monetary sanctions," after finding that a party, without substantial justification, failed to appear for a deposition. 7-37 Moore's Federal Practice - Civil § 37.96[1] (2005). The pertinent language of Rule 37(d) provides that the court "may make such orders in regard to the failure as are just." This Court also has broad discretion in determining the *type* of sanction to be imposed. *See, e.g. Marx v. Kelly, Hart & Hallman,* 929 F.2d 8, 10 (1st Cir. 1991) (choice of sanction lies within sound discretion of trial court).

In this case, AOL requests minimal sanctions. It requests only minor fees for having to attend the May 2, 2006 deposition and prepare this motion. Beyond that, the requested order would permit Mr. Ruiz an opportunity to avoid severe sanctions by voluntarily complying with a re-noticed deposition. However, if Ruiz should fail to attend that deposition, and thereby evidence his intent not to respect the authority of this Court, a civil body attachment should issue to compel his appearance to show cause for his lack of compliance. Further, upon such a blatant disregard of the Court's Order, an award of attorney's fees for AOL's expenses in preparing for the re-noticed deposition and/or the citation hearing would be warranted. A Contempt Order providing for a conditional body attachment would have no immediate adverse effects on Ruiz, but would have the benefit of alleviating the resources that AOL would have to expend to submit an entirely new Motion for Contempt.

Therefore, AOL requests that this Court hold Ruiz in contempt, and to grant and order with such terms as specifically requested in "Motion of America Online to Hold Defendant Mauricio A Ruiz in Contempt for Failure to Comply with the October 17, 2005 Court Order and to Appear at a Deposition," submitted contemporaneously herewith.

**II. This Court Has Discretion To Hold Mr. Ruiz In Contempt For Failure to Abide By Its Order and To Impose, *Inter Alia*, a Body Attachment To Enforce Its Orders.**

On October 17, 2005, this Court issued an Order commanding Ruiz to make payments of Six Hundred Dollars ($600.00) per month, (the "Order") toward the judgment against him. See Appendix B. Pursuant to the Order, Ruiz was required to make the payments on the first day of each month commencing on December 1, 2005. Ruiz has not made the March, April or May payments – which total Eighteen Hundred Dollars ($1800.00) – and has offered no justification for his failure to do so.

A body attachment is authorized by Rule 69 of the Federal Rules of Civil Procedure – by virtue of its incorporation of state law – because of Ruiz's failure to make payments pursuant to the terms of the Order. Rule 69(a) of the Federal Rules of Civil Procedure provides, *inter alia*, that:

> the procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Rule 69(a) of the Rhode Island Superior Court Rules of Civil Procedure provides that:

> If, after allowing the judgment debtor out of income a reasonable amount for the support of the debtor and the debtor's family, if any, the court finds that the debtor is able to pay the judgment in full or by periodic instalment [sic] payments, it shall enter a decree fixing the amount, frequency, and manner of said payment.

If the debtor fails to abide by the terms of the installment decree, the Court is authorized to hold him in contempt, including incarceration if necessary. *See R.I. Super. R. Civ. P.* 69(d). *See also Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 399 (D. R.I. 1998) ("[a] federal court may enforce its orders through contempt proceedings") (citing 18 U.S.C. § 401, which

grants courts the power to punish by fine or imprisonment "disobedience or resistance to its lawful writ, process, order, rule, decree, or command").

AOL does not, at this stage, request that this Court impose a drastic remedy – such as, incarceration[2] – as a means to coerce compliance with its October 17, 2006, Order. Rather, AOL merely requests that the Court reaffirm the Order by requiring Ruiz to make immediate payment of all amounts currently outstanding. If Ruiz cannot do so, it is his burden to make application to the Court and to demonstrate that his circumstances have changed since October, 2005, so as to require that he be granted relief from the Order. *See R.I. Super. R. Civ. P.* 69(c)(2). He has not done so. In fact, AOL also notes that, even though a good faith effort to comply a court order (as opposed to a debtor's complete inability to comply) is not a defense to civil contempt,[3] Ruiz has made no efforts to justify or explain his missed payments. Therefore, an order of contempt is appropriate.

WHEREFORE, for the foregoing reasons, America Online, Inc. respectfully requests that this Court grants its Motion to Hold Defendant Ruiz in Contempt for Failure to Comply with the

[2] Incarceration is an appropriate remedy in a civil contempt proceeding, so long as it is not imposed for a definite term. *See, e.g., Parker v. United States*, 153 F.2d 66, 70 (1st Cir. 1946) (citations omitted). "The respondent can only be imprisoned to compel his obedience to a decree. If he complies, or shows that compliance is impossible, he must be released, for his confinement is not as punishment for an offense of a public nature." *Id.*

[3] *See Fortin v. Commissioner of Mass. Dep't of Pub. Welfare*, 692 F.2d 790, 796 (1st Cir. 1982) ("good faith is not a defense to civil contempt," but impossibility is); *Palmigiano v. Di Prete*, 700 F. Supp. 1180, 1194 (D.R.I. 1988) (accord).

October 17, 2005 Court Order and To Appear at A Deposition."

Plaintiff,
America Online, Inc.
By its attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: 401.331.3400
Fax: 401.331.3440

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within pleading was served via first class mail, postage prepaid on the 31st day of May, 2006 to the following counsel of record:

Brandon S. Bell, Esq.
420 Angell Street
Providence, RI 02906