UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICA ONLINE, INC.<br>Plaintiff,<br><br>vs.<br><br>DAVIS WOLFGANG<br>HAWKE, et al<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | M. No. 05-0077S |

**2nd AMENDED NOTICE TO TAKE DEPOSITION**

DEPONENT: Mauricio A. Ruiz
111 Freight Street, Apt. 14
Pawtucket, RI

DATE: July 14, 2006

TIME: 10:00 a.m.

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the plaintiff in the above-captioned matter will take the deposition of the above-named individual on oral examination which examination will continue from day to day until completed, the same to commence on the date and time above stated at the offices of RATCLIFFE BURKE HARTEN & ELIAS, LLP, 1600 Financial Plaza, Providence, Rhode Island 02903 before a Notary Public commissioned in the State of Rhode Island. **You are required to bring the documents described in Schedule A attached hereto.**

America Online, Inc.
By its Attorneys,

Ratcliffe Burke Harten & Elias LLP

J. Richard Ratcliffe, #2603
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

**CERTIFICATION**

I hereby certify that on the 5th day of July, 2006, a true and accurate copy of the within was mailed, postage prepaid, to:

A-1 Court Reporters
200 Heroux Boulevard, Unit 811
Cumberland, RI 02864

Brandon S. Bell, Esq.
420 Angell Street
Providence, RI 02906

Margaret M Pansera

## SCHEDULE A

### Definitions

1. "Communication(s)" shall mean the transmission, sending, and/or receipt of information of any kind by and/or through any means, whether face-to-face or otherwise, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, facsimile transmission, microfilm, microfiche, and/or photographic film of any type.

2. "Document(s)" shall have the same meaning as it does in Federal Rule of Civil Procedure 34, and shall include all physical writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, including all data that is stored electronically or otherwise of any type through any means (including but not limited to floppy disks, compact discs, zip disks, jazz disks, laser discs, video or audio cassettes, magnetic tape, computer files, or electronic/magnetic memory storage devices of any type).

3. "Including" shall be construed as broadly as possible and shall mean "without limitation."

4. "Person" shall mean any natural person, corporation, partnership, sole proprietorship, association, joint venture, business entity, governmental body, trust, and/or estate.

5. "Defendant/Debtor" shall mean Mauricio A. Ruiz.

6. "You" and "Your" refers to Mauricio A. Ruiz including any Person acting for or on his behalf, such as agents, attorneys, consultants, assistants, or affiliates.

7. "Account" shall mean all credit and debit cards, or other financial services of any kind.

8. "Assets" shall mean any and all tangible or intangible property of any kind, including, accounts, personality, real property, gold, diamonds, gems of any sort, and other precious metals.

### Documents To Be Produced

1. Federal and state tax filings and returns for Defendant/Debtor for the year 2005.

2. All documentation in your possession, custody and control (including bookkeepers, accountants and/or lawyers) pertaining to:

a. Assets currently owned by Defendant/Debtor including, without limitation, real estate; motor vehicles; boats; machinery; tools; inventory; accounts receivable.

b. Any and all documents relating to savings accounts, checking accounts or money market accounts in the name of Defendant/Debtor, or any aliases or pseudonyms thereof, including, but not limited to, checkbooks, check registers, bank books, monthly checking account statements, monthly savings account statements, annual checking account statements, annual savings account statements, annual money market account statements, certificates of deposit, etc., for the period from August 1, 2005 through the present.

c. Any and all documents relating to liabilities of Defendant/Debtor including, without limitation, mortgages, judgments, promissory notes, credit cards, charge accounts, etc., for the period August 1, 2005 through today's date.

d. Any and all contracts by and between Defendant/Debtor and any other party executed during the past year or any part of which was, or was agreed to be, performed or completed within the past year.

e. Any and all financial statements of Defendant/Debtor for the past year.

3. Any and all documents evidencing the names and addresses of any and all third parties to which the Defendant/Debtor has transferred any asset/s, including currency, stocks, bond's accounts, or any real or personal property in the last year including the date of transfer and the identity of the asset/s transferred transferred to each party.

4. Any and all documents evidencing any and all purchases made by the Defendant/Debtor within the past year including, but not limited to, receipts, invoices, cancelled checks, credit account statements, bank account records, and bills of laden.

5. Any and all documents evidencing any and all sales or other exchanges of property, without limitation, made by the Defendant/Debtor within the past year including, but not limited to, receipts, invoices, bank account records, and bills of laden.